IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| GREG RICHARDSON, | : | CIVIL ACTION |
| Plaintiff, | : | NO. 08-3900 |
| v. | : | |
| CSS INDUSTRIES, INC., et al., | : | |
| Defendants. | : | |

### MEMORANDUM

Jones, J.                                                                                                   May 13, 2009

Before the court is Defendant Paper Magic Group, Inc.'s ("PMG") Motion to Dismiss Count II of Plaintiff's Complaint (Doc. Nos. 8 & 9), Plaintiff's Response in Opposition thereto (Doc. No. 14), and PMG's Reply (Doc. No. 19). For the reasons that follow, PMG's Motion will be granted in part and denied in part.

**I.   Procedural History**

On August 15, 2008, Plaintiff Greg Richardson filed a Complaint against CSS Industries, Inc. and PMG. Plaintiff claims violations of the Family and Medical Leave Act ("FMLA") (Count I) and the Employee Retirement Income Security Act ("ERISA") (Count II). On November 21, 2008, PMG filed a Partial Answer to the Complaint. Also on that date, PMG filed a Motion to Dismiss Count II of the Complaint. On December 8, 2008, Plaintiff filed a Response in opposition to PMG's Motion. PMG filed a Reply on January 23, 2009.

**II.     Factual Allegations**

The court recites the facts as alleged in the Complaint and as viewed in the light most favorable to Plaintiff.

CSS is the parent corporation of PMG.  (Compl. ¶ 2.)  Plaintiff was employed with PMG from April 12, 1999, until he was terminated on March 23, 2007.  (Compl. ¶¶ 7, 18.)[1]  He held the position of Superintendent from October 2002 until his termination.  (Compl. ¶ 7.)

While employed by PMG, Plaintiff anticipated being promoted to the position of plant manager.  (Compl. ¶ 21.)  He had been groomed for that position over a five-year period.  (Compl. ¶ 21.)  PMG failed to promote Plaintiff.  (See Compl. ¶ 16.)  After Plaintiff was terminated, he learned that Scott Andrews was promoted from Human Resource Manager to Plant Manager.  (Compl. ¶ 22.)  Mr. Andrews was not qualified for that position.  (Compl. ¶ 22.)  Plaintiff was more qualified than Mr. Andrews.  (Compl. ¶ 22.)

While employed by PMG, Plaintiff underwent open-heart surgery in April of 2000.  (Compl.¶ 17.)  In a staff meeting prior to Plaintiff's termination and prior to PMG's failure to promote Plaintiff, Rich Denny, Vice-President of PMG, said that people who were having open heart surgery were costing the company's insurance company $250,000 per year.  (Compl. ¶ 16.)  Mr. Denny was referring to the increased cost of insurance premiums paid by the company and employees.  (Compl. ¶ 16.)  When PMG terminated Plaintiff on March 23, 2007, PMG informed him that his termination was the result of layoffs.  (Compl. ¶ 18.)  Plaintiff believes that his

---

[1] It appears that Plaintiff's Complaint contains a typographical error, stating that Plaintiff was terminated on March 27, 2007.  (See Compl. ¶ 7.)  The exact date of Plaintiff's termination, either March 23 or March 27, is not relevant to the instant motion.

termination was due, <u>inter alia</u>, to his use of company-sponsored medical insurance benefits. (Compl. ¶ 19.)  Plaintiff also believes that PMG failed to promote him to the position of plant manager because PMG intended to terminate his medical benefits.  (<u>See</u> Compl. ¶¶ 15, 24.)

**III.**     **<u>Standard of Review</u>**

In deciding a motion to dismiss pursuant to Rule 12(b)(6), courts must "accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief."  <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 233 (3d Cir. 2008) (internal quotation and citation omitted).  After the Supreme Court's decision in <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544 (2007), "it is no longer sufficient to allege mere elements of a cause of action; instead a complaint must allege facts suggestive of the proscribed conduct."  <u>Phillips</u>, 515 F.3d at 233 (quoting <u>Twombly</u>, 550 U.S. at 563 n.8) (internal quotation and alteration omitted).  To withstand a motion to dismiss under Rule 12(b)(6), "factual allegations must be enough to raise a right to relief above the speculative level."  <u>Phillips</u> at 234 (quoting <u>Twombly</u>, 550 U.S. at 555) (alternation omitted).  Thus, stating a claim "requires a complaint with enough factual matter (taken as true) to suggest the required element."  <u>Id.</u> (quoting <u>Twombly</u>, 550 U.S. at 556) (internal quotation omitted).

**IV.**     **<u>Discussion</u>**

In Count II of his Complaint, Plaintiff alleges that PMG wrongfully discharged him and failed to promote him in violation of Section 510 of ERISA ("Section 510").  Section 510 makes

it "unlawful for any person to discharge, fine, suspend, expel, discipline, or discriminate against a participant or beneficiary for exercising any right to which he is entitled under the provisions of an employee benefit plan . . . or for the purpose of interfering with the attainment of any right to which such participant may become entitled under the plan. . . ." 29 U.S.C. § 1140.  "To establish a prima facie case under ERISA § 510, an employee must demonstrate (1) prohibited employer conduct (2) taken for the purpose of interfering (3) with the attainment of any right to which the employee may become entitled." Gavalik v. Continental Can Co., 812 F.2d 834, 851 (3d Cir. 1987).

    A.    Wrongful termination

Plaintiff successfully has stated a claim for wrongful termination under Section 510.  He alleges that PMG terminated him for the purpose of terminating his medical benefits. (See Compl. ¶¶ 15, 24.)  Plaintiff also alleges that he underwent open-heart surgery while employed by PMG and that PMG was motivated to terminate him because heart surgery patients, of which Plaintiff is one, cost the company money. (Compl. ¶¶ 16-19.)  Thus, Plaintiff has alleged all three elements of a prima facie case under Section 510 of ERISA.

In its Motion to Dismiss, PMG contends that Plaintiff has not alleged that he was disabled in any capacity. (PMG's Mem. in Supp. of Mot. to Dismiss 5.)  That is not relevant for Plaintiff's ERISA claim.  PMG also contends that Plaintiff has not set forth a causal connection between his use of medical benefits and his termination.  The court disagrees.  Although tenuous, Plaintiff's Complaint alleges sufficient facts to suggest wrongful termination proscribed by Section 510, and thus this claim survives PMG's Motion to Dismiss. Phillips, 515 F.3d at 233.

B.    Failure to Promote

Plaintiff has not pled a viable claim of a Section 510 violation for failure to promote. He alleges the Plant Manager position opened up in February 2007 – the month prior to his March 23, 2007, termination. (Compl. ¶ 20.) Plaintiff anticipated being promoted to Plant Manager. (Compl. ¶ 21.) After Plaintiff was terminated, Plaintiff learned that PMG promoted someone else to that position. (Compl. ¶ 22.)

From the Complaint, it appears that Plaintiff was not employed by PMG when PMG filled the Plant Manager position. Therefore, Plaintiff does not have standing under Section 510 to challenge PMG's conduct in hiring a new Plant Manager. "ERISA is designed to protect benefits promised to an employee arising from a pre-existing employment relationship." Becker v. Mack Trucks, Inc., 281 F.3d 372, 381 (3d Cir. 2002). Section 510 does not apply to actions taken when no employer-employee relationship exists. Id. at 382-83 (holding that Section 510 of ERISA does not apply to failure to rehire former employees because the decisions were made before an employer-employee relationship existed). Plaintiff and PMG had no employment relationship when the Plant Manager position was filled. Therefore, ERISA does not cover Plaintiff's Section 510 claim for failure to promote.

Furthermore, even if Plaintiff had standing to bring an ERISA claim for PMG's failure to promote him between February 2007 and March 23, 2007, Plaintiff still would not have a viable Section 510 claim. Plaintiff does not allege that promotion to Plant Manager would entitle him to any benefits different from those he received in his Superintendent position, and Plaintiff does not allege any facts to support that PMG failed to promote him *for the purpose* of interfering with any of his employee benefits. 29 U.S.C. § 1140. Therefore, Plaintiff's Section 510 claim for

failure to promote will be dismissed.

   C. <u>Compensatory and Punitive Damages</u>

   Plaintiff concedes that compensatory and punitive damages are not available under Section 510 of ERISA. Plaintiff withdraws his request for compensatory and punitive damages. (Pl.'s Opp'n to PMG's Mot. to Dismiss 2.)

**V.** **Conclusion**

   PMG's Motion to Dismiss Count II of Plaintiff's Complaint is granted in part. Plaintiff's ERISA claim against PMG for failure to promote is dismissed. Plaintiff's ERISA claim against PMG shall go forward as to PMG's alleged wrongful termination of Plaintiff. Plaintiff has withdrawn his request for compensatory and punitive damages from PMG for alleged violations of ERISA.

   PMG has not moved to dismiss Count I for Plaintiff's Complaint, for alleged FMLA violations. Count I against PMG shall go forward to discovery.

   An appropriate Order follows.